Receipt

ORIGINAL

ECF

FILED
FEB 3 2006
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

LISA M. VERDUIN

v. No. 06-84 T

THE UNITED STATES

## COMPLAINT

COMES NOW Plaintiff, Lisa M. Verduin, by counsel, and respectfully requests that this honorable Court enter judgment against the Defendants on the grounds and in the amount hereinafter set forth in this complaint:

### Parties and Jurisdiction

1. Plaintiff, Lisa M. Verduin, social security number 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, is a resident of Springfield, Virginia.

2. During the time pertinent to this case, Plaintiff was a resident of Gaithersburg, Maryland.

3. Plaintiff seeks a refund of the trust fund recovery penalty assessed by the Defendant pursuant to I.R.C. § 6672 (2005) and paid by the Plaintiff for the tax period ending June 30, 1996.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1346(a)(1) (2005) because this is an action for a refund of federal taxes already paid by the Plaintiff.

### Facts

5. From about July 1990 to December 3, 1994, Plaintiff was employed by Kids Village, Inc., a subchapter-S corporation organized under the laws of the State of Maryland.

6. During the period of Plaintiff's employment, Kids Village Inc. failed to pay the total amount of employment taxes withheld from wages of its employees for the tax periods ending June 30, 1993, December 31, 1993 and September 30, 1994.

7. As a result of the unpaid taxes of Kids Village, Inc., on or about April 10, 1997, the Internal Revenue Service assessed a trust fund recovery penalty totaling $19,071.69 against the Plaintiff. The assessment related to unpaid employment taxes as reported by Kids Village Inc. on Form 941 which was filed on the following dates: November 18, 1993, January 31, 1994, April 30, 1994, October 31, 1994, April 30, 1995, October 31, 1995, January 31, 1996, April 30, 1996 and September 13, 1996.

8. On or about April 30, 1997, Plaintiff extended the statutory period of assessment of the trust fund recovery penalty to December 31, 1998.

9. On or about February 9, 1998, the penalty assessed against the Plaintiff was reduced to $10,428.83.

10. On or about November 10, 2003, Plaintiff timely filed with the United States Internal Revenue Service, Form 843, Claim for Refund and Request for Abatement for the tax period ending June 30, 1996, properly executed under penalty of perjury, and totaling $9,860.00.

11. Plaintiff argued that she should not have been held personally liable for the trust fund recovery penalty because she was not a responsible person as required by I.R.C. § 6672 (2005). Plaintiff further argued that she had no ability to collect, truthfully account for or pay the taxes required to be withheld from employee wages.

12. Thereafter, on or about February 3, 2004, the Internal Revenue Service directed a letter to Plaintiff denying the request for refund.

13. Specifically, the Internal Revenue Service stated that the penalty was assessed and claim for refund denied because Kids Village, Inc. did not pay the federal employment taxes due for the tax periods ended September 30, 1993, December 31, 1993, September 30, 1994, September 30, 1995, December 31, 1995, March 31, 1996 and June 30, 1996. Plaintiff was only held responsible for the periods of September 30, 1993, December 31, 1993 and September 30, 1994.

14. The Internal Revenue Service's denial of the Request for Refund is contrary to the Internal Revenue Code, and to the Regulations thereunder promulgated by the Internal Service itself.

15. Plaintiff has fully paid the trust fund recovery penalty assessed. Plaintiff remitted payments to the Internal Revenue Service center on the following dates and for the following amounts:

| Date | Amount |
|---|---|
| 04-15-1998 | 1,213.89 |
| 04-12-1999 | 180.23 |
| 03-06-2000 | 56.32 |
| 04-09-2001 | 2,472.56 |
| 08-13-2001 | 500.00 |
| 04-15-2002 | 2,805.71 |
| 04-15-2003 | 1,642.97 |
| 11-04-2004 | 2,674.16 |
| 11-22-2004 | .09 |
| 04-15-2004 | 647.00 |

| | |
|---|---|
| 11-04-2004 | 738.69 |

Count 1 – Refund of Trust Fund Recovery Penalty Paid by Plaintiff

16. Plaintiff incorporates by reference paragraphs 1 through 15.

17. Plaintiff was not a responsible person as required by I.R.C. § 6672 (2005). Specifically, Plaintiff did not have the authority or ability to pay over withholding taxes to the Internal Revenue Service.

18. While employed by Kids Village, Inc., Plaintiff's actual duties included: teacher, bus driver, cook and bookkeeper.

19. The officers of Kids Village were the President, Evelyn Verduin, Vice President and Secretary, Mark Verduin and Treasurer, Lisa M. Verduin. All officers possessed check signing authority; however checks in excess of $1,000.00 required the signature of two officers.

20. Although Plaintiff held the title of Treasurer, Plaintiff had no authority over the financial decisions of the company. The financial decisions were controlled by the President and Vice President.

21. Furthermore, Plaintiff's bookkeeping duties only extended as far as preparing the company payroll and signing checks for basic expenses such as supplies, gasoline and utilities and only at the direction of the President.

22. Plaintiff did not control disbursements, did not control the bank accounts, and did not keep custody of the company checkbook.

23. Plaintiff had no decision making authority with regard to paying creditors or deciding which funds would go to pay a particular creditor.

24. When Plaintiff discovered that employee withholding taxes were not being paid, she met with the company accountant and other company officers, demanding that the taxes be paid. The officers refused to comply with Plaintiff's requests.

25. Unable to facilitate the payment of employment taxes, Plaintiff resigned from the company on or about December 3, 1994.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, the United States as follows:

1. In the principal amount of $9,860.00.
2. Interest on the principal amount, commencing March 1, 2005, at the rate in the Internal Revenue Code of 1954, as amended, and the Regulations thereunder, for which the Defendant is to pay respecting refunds.
3. Costs, and such other relief as this Court deems just and proper.

Respectfully submitted,

Anthony E. Cooch Jr.
Attorney for Plaintiff Lisa M. Verduin
Cooch & Lapham, PLLC
3998 Fair Ridge Drive, Suite 150
Fairfax, Virginia 22033
Phone: (703) 359-0088
Fax: (703) 359-1428

Dated: February 2, 2006

# APPENDIX 1
## FORM 843 – Claim for Refund and Request for Abatement

Form **843** (Rev. November 2002)
Department of the Treasury Internal Revenue Service

# Claim for Refund and Request for Abatement

▶ See separate instructions.

OMB No. 1545-0024

*Use Form 843 only if your claim involves **(a)** one of the taxes shown on line 3a or **(b)** a refund or abatement of interest, penalties, or additions to tax on line 4a.*

***Do not** use Form 843 if your claim is for—*

- *An overpayment of income taxes;*
- *A refund for nontaxable use (or sales) of fuel; or*
- *An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.*

Type or print

| | |
|---|---|
| Name of claimant<br>**Lisa M. Verduin** | Your SSN or ITIN<br>**582 : 15 : 5139** |
| Address (number, street, and room or suite no.)<br>**8903 Arley Drive** | Spouse's SSN or ITIN |
| City or town, state, and ZIP code<br>**Springfield, VA 22153** | Employer identification number (EIN) |
| Name and address shown on return if different from above | Daytime telephone number<br>( ) |
| 1 Period. Prepare a separate Form 843 for each tax period<br>From **04** / **01** / **96** to **06** / **30** / **96** | 2 Amount to be refunded or abated<br>$ **SEE ATTACHED** |

**3a** Type of tax, penalty, or addition to tax:
☑ Employment ☐ Estate ☐ Gift ☐ Excise (see instructions)
☐ Penalty—IRC section ▶ ____________

**b** Type of return filed (see instructions):
☐ 706 ☐ 709 ☐ 940 ☑ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☐ Other (specify)

**4a** Request for abatement or refund of:
☐ Interest as a result of IRS errors or delays.
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

**b** Dates of payment ▶

**5** **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

**SEE ATTACHED**

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

[signature] Signature (Title, if applicable. Claims by corporations must be signed by an officer.) Date [handwritten date]

Signature Date

*Tax & Financial Planning ♦ Retirement & Estate Planning ♦ Real Estate & Mortgages*


# TAX-MAN

Alan Yurkshat, EA
8575 C Sudley Road
Manassas, VA 20110

Office: 703-330-1775
Fax: 703-369-4737


Date: 09/24/2003

To: IRS/Richmond Pro Advocate – Form 911

From: Alan Yurkshat EA

Re: Lisa Verduin
582 15 5138
For the tax year 93 94 95 96 civil penalty

I. Enclosed
   A. From 911
   B. POA
   C. Form 2751 Proposed Assessment of TFRP
   D. IRS accounting for civil penalty
   E. IRS memo dated 2/9/98 reduction of TFRP

II. Problem cited by taxpayer
   A. Taxpayer was not the responsible person for 93, 94, 95, 96
   B. Taxpayer was not an employee nor shareholder after 12/94
   C. Taxpayer did not have the power to write the checks for payroll
   D. Taxpayer is the only state side taxpayer of the corporation
   E. Taxpayer is an easy target for IRS
   F. Taxpayer is a single mother and a w2 earnings
   G. Taxpayer has paid over $9860 on the original $9896 bill

III. Solution
   A. The collections on civil penalty is causing an adverse hardship on taxpayer
   B. The taxpayer requests that IRS advocate help
      1. Place a hold on collections
      2. Reopen the case where IRS assessed the original civil penalties
      3. Under the FOI act taxpayer requests all notes and records on this case
   C Taxpayer believes that
      1. Taxpayer was assessed on the total bill of $19,071
      2. Taxpayer quitted the business as employee & shareholder on 12/94
      3. The total assessed bill through 12/94 was $9896
      4. IRS assessed the taxpayer 1/3 of $19071 after the audit – item I.E.
   D. Conclusions
      1. IRS should not have assessed the taxpayer on 941 taxes –not the responsible person
      2. Did not have business checkbook nor write out business bills and checks
      3. If IRS did asses taxpayer 1/3 of employment tax then it should have been 1/3 of $9896 – item III.C.(3), which has been paid three times now
      4. Taxpayer should no longer owe any 941 taxes/ penalty

IV. Please response for taxpayer plea