IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-84 T
(JUDGE WOLSKI)

LISA M. VERDUIN,

Plaintiff,

v.

THE UNITED STATES,

Defendant

# ANSWER

Defendant, the United States, by way of answer to the complaint in the above-captioned case, respectfully denies each and every allegation contained therein not specifically admitted below.

The United States further:

1. Admits that the social security number of plaintiff, Lisa M. Verduin, is 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. States that its attorneys currently lack the knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1.
2. States that its attorneys currently lack the knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.
3. Admits that paragraph 3 is an accurate statement of plaintiff’s claim. Denies that plaintiff is entitled to a refund of the penalty described in paragraph 3.

4. Avers that jurisdiction, if it exists, arises under 28 U.S.C. § 1491(a)(1).

5. Admits that plaintiff was employed by Kids Village, Inc., for some period of time. States that its attorneys currently lack the knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5.

6. Admits that Kids Village, Inc., failed to pay the total amount of employment taxes withheld from wages of its employees for the tax periods ending December 31, 1993, and September 30, 1994. States that its attorneys currently lack the knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6.

7. Avers that the Internal Revenue Service's records show that the assessment was made on July 14, 1997, and arose from the unpaid taxes of Kids Village, Inc., for the periods ending September 30, 1993, December 31, 1993, September 30, 1994, March 31, 1995, September 30, 1995, December 31, 1995, March 31, 1996, and June 30, 1996. Admits the remaining allegations contained in paragraph 7.

8. Avers that the allegation contained in paragraph 8 constitutes a legal conclusion, to which no response is necessary. Admits that on or about April 30, 1997, plaintiff and an Internal Revenue Service revenue officer signed a Form 2750 Waiver Extending Statutory Period for Assessment of Trust Fund Recovery Penalty for the tax periods ending September 30, 1993, and December 31, 1993, and that such form designated December 31, 1998, as the date to which the statutory period was extended.

9. Denies the allegations contained in paragraph 9. Avers that on or about February

9, 1998, the Internal Revenue Service abated $9,174.89 of the penalty assessed against plaintiff and that, after the abatement, plaintiff owed a balance of $10,428.83 for the trust fund recovery penalty and interest.

10. Avers that the allegations that plaintiff "timely" filed a Form 843 and that the form was "properly executed" constitute legal conclusions, to which no response is necessary. States that its attorneys currently lack the knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. Avers that plaintiff's alleged refund claim, which is attached to the complaint, speaks for itself.

12. Admits the allegations contained in paragraph 12.

13. Admits the allegations contained in the first sentence of paragraph 13. Admits that, after the abatement referred to in response to paragraph 9, plaintiff was only held responsible for the periods of September 30, 1993, December 31, 1993, and September 30, 1994.

14. Denies the allegations contained in paragraph 14, which, in any event, constitute legal conclusions, to which no response is required.

15. Admits the allegation contained in the first sentence of paragraph 15. States that its attorneys currently lack the knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15. Avers that the records of the Internal Revenue Service show that the following payments were posted to plaintiff's account on the dates listed:

| | Date Posted | Amount | Description |
|---|---|---|---|
| (a) | April 15, 1998 | $1,213.89 | Overpayment applied from tax period ending 12/31/1997 |
| (b) | April 12, 1999 | $180.23 | Overpayment applied from tax period ending 12/31/1998 |
| (c) | March 6, 2000 | $56.32 | Overpayment applied from tax period ending 12/31/1999 |
| (d) | April 9, 2001 | $2,472.56 | Overpayment applied from tax period ending 12/31/2000 |
| (e) | August 13, 2001 | $500.00 | Overpayment applied from tax period ending 12/31/2000 |
| (f) | April 15, 2002 | $2,805.71 | Overpayment applied from tax period ending 12/31/2001 |
| (g) | April 15, 2003 | $1,642.97 | Overpayment applied from tax period ending 12/31/2002 |
| (h) | November 4, 2004 | $2,674.16 | Overpayment applied from tax period ending 12/31/1996 |
| (i) | November 22, 2004 | $ .09 | Interest overpayment applied from tax period ending 12/31/1996 |
| (j) | April 15, 2004 | $647.00 | Overpayment applied from tax period ending 12/31/2003 |
| (k) | November 4, 2004 | $738.69 | Overpayment applied from tax period ending 12/31/2003 |

16. Incorporates by reference its responses to paragraphs 1 through 15.

17. Avers that the allegation contained in the first sentence of paragraph 17 constitutes a legal conclusion, to which no response is required. States that its attorneys currently lack the knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17.

18–25. States that its attorneys currently lack the knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 18 through 25.

First Additional Defense

26. Avers that, to the extent that plaintiff paid a portion of the tax more than two years before she filed a refund claim, a refund of such portion is barred by I.R.C. § 6511(b).

WHEREFORE, defendant prays that the complaint be dismissed with prejudice, with costs assessed against plaintiff.

Respectfully submitted,

/s/ Karen Servidea
Karen Servidea
Attorney of Record
U.S. Justice Dept., Tax Division
Court of Federal Claims Section
P.O. Box 26, Ben Franklin Station
Washington, D.C. 20044
Tel.: (202) 616-3423
FAX: (202) 514-9440

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
MARY M. ABATE
Assistant Chief, Court of Federal Claims Section

/s/ Mary M. Abate
Of Counsel

June 30, 2006