IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LISA M. VERDUIN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-84 T |
| | ) | Judge Wolski |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

FIRST AMENDED
JOINT PRELIMINARY STATUS REPORT

Pursuant to RCFC Appendix A, Part III, paragraph 4, RCFC, the parties hereby provide the Joint Preliminary Status Report:

1. Jurisdiction: If the Court has jurisdiction, it is based upon 28 U.S.C. § 1491(a)(1).

2. Consolidation: The parties are unaware of any case with which this case should be consolidated.

3. Bifurcation of liability and damages: This is a tax refund suit and there are no "damages" per se at issue. If the Court enters judgment for plaintiff, the parties would endeavor to stipulate to the amount of any refund due.

4. Deferral of proceedings: The parties are not aware of any basis for deferral of proceedings.

5. Remand or suspension: The parties do not now anticipate seeking a suspension of this case, and remand of a tax refund suit is inappropriate.

6. Additional parties: The parties know of no additional parties to be joined.

7. Dispositive motions: At this time, no final determination has been made with respect to any dispositive motion. If circumstances change based upon facts developed during discovery, the parties will notify the Court and propose a schedule for any intended filing.

8. Factual and legal issues: The issue in this trust fund penalty case is whether plaintiff is personally liable under section 6672 of the Internal Revenue Code for the failure of Kids Village, Inc., to pay over to the United States withheld federal income and social security taxes for the periods ending September 30, 1993, December 31, 1993, and September 30, 1994. In addition, defendant contends that, pursuant to section 6511 of the Internal Revenue Code, any recovery by plaintiff is limited to amounts paid during the two-year period preceding the filing of her refund claim with the Internal Revenue Service.

9. Settlement: The parties intend to explore the possibility of settlement. Alternative dispute resolution is not contemplated by the parties at this time.

10. Trial: Absent settlement, the parties anticipate that a trial will be necessary. At this time, neither party requests an expedited trial schedule.

11. Special issues: This case was designated as an ECF case on February 3, 2006.

12. Other information: At this time, the parties do not know of any additional information of which the Court should be aware.

13. Schedule: The parties propose the following tentative schedule for completion of fact discovery[1] and other pretrial matters:

---

[1] The parties do not anticipate that any expert witnesses will prepare expert reports or be called to testify in this action.

1. Discovery by the parties will be completed by September 28, 2007; and

2. Within 30 days following the close of discovery, the parties will file a joint status report respecting proposed further proceedings in this case.

Respectfully submitted,

s/ Anthony E. Cooch Jr.
ANTHONY E. COOCH Jr.
Attorney for Plaintiff Lisa M. Verduin
Cooch & Lapham, PLLC
3998 Fair Ridge Drive, Suite 150
Fairfax, Virginia 22033
Tel.: (703) 359-0088
FAX: (703) 359-1428

*Attorney for Plaintiff*

s/ Karen Servidea
KAREN SERVIDEA
Attorney of Record
U.S. Justice Dept., Tax Division
Court of Federal Claims Section
P.O. Box 26, Ben Franklin Station
Washington, D.C. 20044
Tel.: (202) 616-3423
FAX: (202) 514-9440

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
MARY M. ABATE
Assistant Chief, Court of Federal Claims Section

s/ Mary M. Abate
Of Counsel

*Attorneys for Defendant*

February 21, 2007